UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL CUNNINGHAM, | ) | CASE NO. 5:17cv2719 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| PORTAGE COUNTY SHERIFF | ) | |
| DEPARTMENT, *et al*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Paul Cunningham filed this action against the Portage County Sheriff's Department, the Portage County Prosecutor's Office, the Brimfield Police Department, Portage County Sheriff David W. Doak, and Portage County Prosecutor Victor V. Viglucci. Plaintiff's complaint is very brief. In its entirety, it states:

> All violated the duty and the Constitutional right to protection. All abuse [sic] their power by the lack of protection in a very bias [sic] and discriminatory manor [sic]. All showed a lack of respect and intimidation.

(Doc. No. 1, Complaint at 5.[1]) Cunningham indicates he is asserting claims for violation of his constitutional rights, violation of duty, abuse of power, discrimination, bias treatment, case neglect, neglect of duty, violation of code of conduct and ethics, false identity of police and sheriff and prosecutors, intimidation, and threats. He seeks monetary damages.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

## I. Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II. <u>Analysis</u>

Cunningham's complaint contains no factual allegations. Although the standard of review is liberal for *pro se* pleadings, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir.1996). The complaint must give the defendants fair notice of what the plaintiff's claims are and the factual grounds upon which they rest. *Id*. at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Cunningham gives no indication of what actions the defendants took that plaintiff believes violated his constitutional rights. He has not stated a claim upon which relief may be granted

## III. <u>Conclusion</u>

For all the foregoing reasons, Cunningham's application to proceed *in forma pauperis* (Doc. No. 2) is granted. His motion for appointment of counsel (Doc. No. 4) and his motion for extension of time (Doc. No. 5) are denied. This action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 8, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**